IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| KEESHA STRINGER, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 3:16-cv-00094-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff, Keesha Stringer, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. Both parties have submitted appeal briefs and the case is ready for decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

Plaintiff argues that the ALJ erred in not finding her carpal tunnel syndrome was a "severe" impairment. (Doc. No. 15 at 37-39.) Although a close call, I agree.

1

Medical records from Bing Behrens, M.D., reveal "an abnormal NCV/EMG of both upper extremities, which is consistent with severe carpal tunnel syndrome bilaterally, worse on the left." (Tr. 916.)  And Rebecca J. Barrett-Tuck, M.D., a neurosurgeon and Plaintiff's treating physician, noted, "We recommended Carpal Tunnel Release on the left."  (Tr. 976.)  Dr. Barrett-Tuck also provided a medical source statement.  (Tr. 983-984.)  While I note she failed to specifically note anything about Carpal Tunnel Syndrome, she did state that Plaintiff was significantly limited in her ability to lift and/or carry, reaching, handling, fingering, and feeling.  (Tr. 984.)

I also find that Plaintiff's testimony at the administrative hearing reveals significant limitation from her Carpal Tunnel Syndrome.  Plaintiff testified she cannot type and can barely write. (Tr. 46.) She stated, "I've lost feeling in mobility of this, my thumb and in here, you see the muscle is gone, and just simple holding things, you know, opening jars and dropping things."  (Tr. 45.)

As both sides correctly note, a "severe" impairment "significantly limits an individual's physical or mental abilities to do basic work activities." 20 C.F.R. § 404.1520(c).  Therefore, given Plaintiff's testimony and the medical evidence, I find the ALJ erred in not finding her Carpal Tunnel Syndrome was a "severe" impairment.

The Commissioner argues that any error in this regard is harmless and points out that Plaintiff never followed up with the recommended surgery. (Doc. No. 16 at 4-6.)  I find this case to be a close case because I find the Commissioner's counsel has provided persuasive authority on these points. (*Id.*)  However, I ultimately lean in Plaintiff's favor on this issue because the error in this case significantly impacts the ALJ's residual functional capacity assessment and the questions posed to the vocational expert.  Furthermore, the jobs identified by the ALJ require "constant" reaching, handling, and fingering[1] according to the Selected Characteristics of Occupations.  Plaintiff's evidence of Carpal Tunnel Syndrome throws into doubt Plaintiff's ability to perform these jobs.

Accordingly, I find the decision of the ALJ is not supported by substantial evidence and the decision of the Commissioner must be reversed and the matter remanded for reevaluation of

---

[1] I note the job of "Check Weigher" requires only "frequent" fingering and not constant.

2

Plaintiff's Carpal Tunnel Syndrome.

On remand the ALJ should reevaluate Plaintiff's Carpal Tunnel Syndrome and determine whether or not it amounts to a "severe" impairment.

Accordingly, this matter is reversed and remanded for action consistent with this opinion. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405 (g).

IT IS SO ORDERED this 15th day of September, 2016.

_____
JOE J.  VOLPE
UNITED STATES MAGISTRATE JUDGE